UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
Uniterminals S.A.L.,

                09 Civ. 8548 (JSR)

         Plaintiff,

                VERIFIED COMPLAINT
   -against-

Nimex Petroleum Ltd.,

         Defendant.
------------------------------X

   PLEASE TAKE NOTICE that Plaintiff, Uniterminals S.A.L., ("UNITERMINALS"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendant, Nimex Petroleum Ltd. ("NIMEX"), alleges, upon information and belief, as follows:

   1.   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333.

   2.   Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country with a place of business located at Unifert Building, Barbar Street, Baouchrieh, Lebanon.

   3.   Defendant is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at Suite 5, International House, Bell Lane, Gibraltar.

12/3896                             1

4. Plaintiff and Defendant entered into an Agreement for the sale and transportation of approximately 2.75 metric tons of heavy duty asphalt from Aghioi Theodoroi, Greece to Plaintiff's shoretank in Beirut, Lebanon ("the Agreement").

5. Under the shipment terms of the Agreement, Defendant was required to provide a vessel in a tight, staunch, strong condition, in every way fit for service, seaworthy, and ready to receive and properly carry and discharge permissible cargo.

6. Defendant breached the Agreement by, unlawfully and in contravention of the terms of the Agreement, failing to provided a vessel in a tight, staunch, strong condition, in every way fit for service, seaworthy, and ready to receive and properly carry and discharge permissible cargo.

7. The M/T RAF RAF arrived at the loadport with apparent stern tubes and/or boiler problems and thus left the port without loading the cargo, and thereafter, despite Plaintiff's demands, no substitute vessel was provided.

8. As a result of Defendant's failure to provide a suitable vessel and complete the ocean carriage, Plaintiff was constrained to load an alternate cargo aboard a substitute vessel and has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the Agreement and at law.

9. As a result of Defendant's failure to provide a vessel as required by the Agreement, Plaintiff has incurred and will continue to incur damages, costs and expenses for which Defendant is liable under the terms of the Agreement and at law.

10. Under the terms of the Agreement, all claims, disputes and other matters arising out of or relating to this Agreement shall be settled by arbitration under English law.

11. Plaintiff has commenced arbitration in London, seeking to recover under the referenced claim.

12. Under English law, attorneys' fees, interest, and costs are routinely awarded to the prevailing party.

13. As a result of Defendant's breach of the Agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts:

| | |
|---|---|
| Principal claim: | $149,824.00 |
| Attorneys' fees and costs | $45,000.00 |
| Interest compounded on principal yearly for 3 yrs at 6.5% | $31,155.84 |
| Total | $225,979.84 |

14. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

15. All conditions precedent required of Plaintiff in the aforesaid Agreement have been performed.

16. Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse and/or UBS, which are believed to be due and owing to Plaintiff.

17. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or

transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $225,979.84 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear

and answer the matters alleged in the Complaint;

      C.  That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

      D.  That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, New York
           October 7, 2009

                              Respectfully submitted,

                              MAHONEY & KEANE, LLP
                              Attorneys for Plaintiff
                              UNITERMINALS S.A.L.

                    By: _____
                              Garth S. Wolfson
                              11 Hanover Square
                              New York, New York 10005
                              (212) 385-1422

## ATTORNEY VERIFICATION

STATE OF NEW YORK       :
                        : SS.:
COUNTY OF NEW YORK      :

1. My name is Garth S. Wolfson.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, UNITERMINALS S.A.L, and I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York
         October 7, 2009

_____
Garth S. Wolfson

SWORN TO ME ON THIS
7TH DAY OF OCTOBER, 2009

_____
Notary Public

JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6128023
Qualified in New York County
Term Expires 06/06/2009

7